FILED
SUPERIOR COURT
OF GUAM

2013 JUN 14 PM 3: 40

CLERK OF COURT

BY

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM           )    CRIMINAL CASE NO. CM186-13

v.                    )    **DECISION AND ORDER**

GABRIEL T. Q. CRUZ,       )    **(Defendants' Motion for Civil**
JEROME J. QUINATA,      )    **Compromise)**

         **Defendants.**      )

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on May 13, 2013, on Gabriel T. Q. Cruz and Jerome J. Quinata's ("Defendants") Motion for Civil Compromise. Defendant Gabriel T.Q. Cruz was represented by Attorney Jeffery A. Moots and Defendant Jerome J. Quinata was represented by Attorney Sarah L. Fabian. Assistant Attorney General Gerald L. Henderson appeared on behalf of the People of Guam ("the People"). Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by both parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

## BACKGROUND

On January 22, 2013, Defendants were each charged with one count of Assault by Mutual Combat (as a Petty Misdeameanor). Compl. (Jan. 22, 2013). Defendants were arraigned on March 13, 2013 where they pled not guilty and waived their right to a speedy trial. Super. Ct. of Guam Minutes Entry Log No. 101240 (March 13, 2013).

On April 5, 2013, the Defendants, through the Law Offices of Cunliffe and Cook, filed a Civil Compromise with the Superior Court of Guam. The document stated inter alia that the

parties have reached a civil compromise over the incident wherein both parties were charged with Assault by Mutual Combat (as a Petty Misdemeanor). Civil Compromise (April 5, 2013). Furthermore, the document stated that the parties request that charges in the instant case be dismissed pursuant to 8 GCA §80.90. *Id.*

On April 17, 2013, the People filed its Opposition to Dismiss Due to Civil Compromise. On May 6, 2013, Defendant Jerome J. Quinata, through his attorney, Rodney Jacob, Esq., filed Defendant's Reply to People's Opposition to Motion to Dismiss Due to Civil Compromise. On May 8, 2013, Defendant Gabriel T.Q. Cruz, through his attorney, F. Randall Cunliffe, Esq., filed his Joinder to Defendant Jerome J. Quinata's Reply to People Opposition. The Court heard the matter on May 13, 2013.

## DISCUSSION

Defendants move the Court to dismiss the instant Complaint pursuant to 8 GCA § 80.90(b). Civil Compromise (April 5, 2013). The Defendants' Motion is based on a Civil Compromise document signed by both parties and filed with the Superior Court of Guam.[1] The document states that "[t]he parties have met and resolved their differences and civilly compromised the incident and ask that the charges in Criminal Case No. CM0186-13 be dismissed pursuant to 8 GCA §80.90." *Id.*

The People oppose Defendants' Motion, arguing that "[a]lthough the Victims in this case claim that they "resolved their differences," this statement by itself does not meet the satisfaction of injury requirement under 8 GCA § 80.90." People's Opp'n Mot. at 2 (April 17, 2013). Furthermore, the People argue that the Victims in this case, who are also the Defendants,

---

[1] This Court acknowledges that Defendants only filed a Civil Compromise and not a Motion to Dismiss Due to Civil Compromise. At this time, the Court will accept Defendants' Civil Compromise in lieu of their motion.

do not desire compensation for their injuries, and for that reason, there is no satisfaction under the civil compromise statute. *Id.*

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a)     When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by this Section.

(b)     If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c)     A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a

misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendants were charged with Assault by Mutual Combat (as a Petty Misdemeanor). As indicated in *Moulton*, by its very nature, Assault is a crime in which the person injured would almost always have a civil action for damages. *Id.* at 21. Since a civil remedy was readily available at the inception of this criminal case, notwithstanding the fact that the Victims were also the Defendants in this matter, it may be deduced that the civil injury was coextensive with the criminal violation in accordance with *Moulton*.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, the altercation was between the two Defendants and the injuries suffered were minor. There were no other victims in this matter and the Defendants were not charged with any other offenses. Furthermore, the altercation did not take place in a public setting but at the Department of Corrections where both Defendants were employed and therefore subject to disciplinary action taken by the Department. In light of the circumstances of the instant case, it is the opinion of this Court that the injury to the public would be fully vindicated through the private settlement of this matter.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the victims, who are also the Defendants in this case, declared under penalty of perjury that they had reached a civil compromise and had resolved their differences. It does not appear that any form of coercion was involved in the forming of this settlement. Notwithstanding the unique nature of this case, this Court finds that the voluntary settlement agreement between the parties, as stipulated in their Civil Compromise, is sufficient under *Moulton*.

The Court finds that Defendants' motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The act constituting the offense has a remedy by civil action; (2) the injuries suffered by the Victims were not serious in nature and private settlement would fully vindicate any injury to the public; and (3) the victims had submitted a declaration under penalty of perjury that they had settled their differences and would like for the Attorney General's Office to dismiss this case by way of civil compromise. Therefore, the Court **GRANTS** Defendants' motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendants' Motion for Civil Compromise.

**SO ORDERED** this ___/4___ day of JUNE, 2013.

JUN 1 4 2013

Jerry E. Guerrero
Clerk of the Superior Court of Guam

HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam